IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | :<br>:<br>: |
| Plaintiff, | : Civil Action No. |
| v. | : |
| ALBERT E. PARISH, JR., PARISH ECONOMICS LLC, and SUMMERVILLE HARD ASSETS LLC, | :<br>:<br>: |
| Defendants. | : |

**COMPLAINT FOR INJUNCTIVE RELIEF**

It appears to Plaintiff, Securities and Exchange Commission ("Commission"), and it alleges, that:

**OVERVIEW**

1.　　This matter involves fraudulent conduct by Albert E. Parish, Jr. ("Parish"), Parish Economics LLC ("Parish Economics") and Summerville Hard Assets LLC ("Summerville").

2. Parish and Parish Economics have offered and sold interests in five investment funds which commenced operations at various times from 1986 to the present. Four of the funds are described as "informal pools of money" through which investors can invest in, respectively, commodities and securities futures products (the Futures Pool), bonds (the Hedged Income Pool), stocks (the Stock Pool), and hard assets such as expensive watches, jewelry and fine art (Hard Asset Pool). The pools are managed by Parish Economics LLC ("Parish Economics"), an entity controlled by Parish and located in Summerville, South Carolina. The fifth fund is denoted Summerville Hard Assets LLC ("Summerville") and purports to invest in various hard assets such as jewelry and collectibles.

3. Since at least January 2005, the defendants have been providing investors with quarterly statements that grossly misrepresented the investors' returns and assets. The defendants have also provided investors and prospective investors with information grossly misrepresenting the amount of assets in the respective funds and misrepresenting the rates of return obtained by the respective funds. The funds are purported to hold approximately $134 million in assets. In fact, without disclosure to the investors, virtually all of the assets of the funds have been dissipated.

## VIOLATIONS

4.  Defendants have engaged, and unless restrained and enjoined by this Court, will continue to engage in acts and practices that constitute and will constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5], and defendants Parish and Parish Economics have violated Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act")[15 U.S.C. 80b-6(1) and(2)].

## JURISDICTION AND VENUE

5.  The Commission brings this action pursuant to Sections 20 and 22 of the Securities Act [15 U.S.C. 77t and 77v], Sections 21(d) and 21(e) of the Exchange Act [15 U.S.C. 78u(d) and 78u(e)], and Sections 209 and 214 of the Advisers Act [15 U.S.C. 80b-9, 80b-14], to enjoin the defendants from engaging in the transactions, acts, practices, and courses of business alleged in this complaint, and transactions, acts, practices, and courses of business of similar purport and object, for civil penalties and for other equitable relief.

6.  This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act [15 U.S.C. 77v], Sections 21(d), 21(e), and 27 of the Exchange

Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa] and Section 214 of the Advisers Act [15 U.S.C. 80b-14].

7.      Defendants, directly and indirectly, made use of the mails, the means and instruments of transportation and communication in interstate commerce and the means and instrumentalities of interstate commerce in connection with the transactions, acts, practices, and courses of business alleged in this complaint.

8.      Certain of the transactions, acts, practices, and courses of business constituting violations of the Securities Act, Exchange Act and Advisers Act occurred in the District of South Carolina. In addition, Defendant Parish resides in the District of South Carolina and defendants maintain offices in the District of South Carolina.

9.      Defendants, unless restrained and enjoined by this Court, will continue to engage in the transactions, acts, practices, and courses of business alleged in this complaint, and in transactions, acts, practices, and courses of business of similar purport and object.

## THE DEFENDANTS

10.     **Albert E. Parish, Jr.**, 49 years of age, is president of Parish Economics and until March 28, 2007, was a vice president of Battery Wealth Management, an

4

investment adviser. Parish has been a professor of Economics and the Director of the Center for Economic Forecasting at Charleston Southern University since 1990. Parish holds a Ph.D. in Mathematical Economics from the University of North Carolina.

11. **Parish Economics** is a South Carolina LLC formed in 1996 which purports to be "an investment pool, business forecast and economic litigation firm." Parish Economics is located in Summerville, South Carolina. Parish Economics is controlled by Parish.

12. **Summerville Hard Assets LLC**, is a South Carolina LLC which purports to invest in jewelry and other collectables. Parish is the president of Summerville. Upon information and belief, Summerville was formed in August 2005.

## The Fraudulent Scheme

13. Parish began offering investments in the Parish Economics LLC Futures Pool ("Futures Pool") in 1986 and since that time has begun offering interests in the four other funds.

14. Until March 2007, Parish and Parish Economics offered investments in four investment pools and one LLC. The four pools, which are described to investors as "informal pools of money" are the Futures Pool, the Parish Economics LLC

Hedged Income Pool ("Hedged Income Pool"), the Parish Economics LLC Stock Pool ("Stock Pool") and the Parish Economics LLC Hard Assets Pool ("Hard Assets Pool"). All of the pools were managed by Parish Economics. Investors have no role in the management of the pools.

15. Parish provided written asset pool agreements to investors in the four pools.

16. The Futures Pool agreement represents that the Futures Pool will invest in "the commodity, stock futures and options markets."

16. The Hedged Income Pool agreement represents that the Hedged Income Pool will invest in government bonds, high rated corporate bonds and bond funds.

17. The Stock Pool agreement represents that the Stock Pool will invest in stocks.

18. The minimum investment in the Futures Pool, the Hedged Income Pool and the Stock Pool is $5,000.

19. The Hard Assets Pool agreement represents that the Hard Asset pool will invest in jewelry and other collectibles and requires a minimum investment of $50,000.

20.     In addition to the pools, Summerville, through Parish and Parish Economics, has offered and sold stock in Summerville, which purports to invest in jewelry and other collectibles.  The minimum investment in Summerville is $500,000, provided that groups of investors may form partnerships to reach that amount, with a minimum individual investment being $50,000. Parish is the president of Summerville.

21.     The investments in the pools, and the shares of Summerville, offered by Parish and Parish Economics are securities, as that term is defined in the Securities Act and the Exchange Act. Parish and Parish Economics have been investment advisers, as that term is defined in the Advisers Act.

## Misrepresentations and Omissions

22.     For a period of years but since at least January 2005, Parish Economics, through Parish, has provided to investors periodic statements containing purported performance data on their investments in the funds. Parish has also posted to the Parish Economics website data pertaining to the Futures Pool, the Stock Pool and the Hard Asset Pool. The posted data reflects a 32 percent mean return since 1986 for the "Futures Pool," a mean 42 percent return since

1996 for the Stock Pool and a mean 34 percent return since 1998 for the "Hard Asset Pool."

23.     Upon information and belief, since at least January 2005, the claimed returns of the funds (individually on the statements and collectively on the website) have been fictitious. The fraudulent information was used to lure new investors to the funds and to lull those already invested into a sense of security.

24.     The Parish Economics website has represented that the funds contained assets valued at $134 million as of year end 2006. Upon information and belief, t he periodic statements provided to investors cumulatively reflected similar assets. Since at least January 2005, the representations on the Parish Economics website and in periodic investor statements regarding the assets held by the funds have been grossly fraudulent. The assets of the five funds have been dissipated and the quarterly statements and web notices reflecting those assets (collectively on the website and fractionally on the individual statements) have grossly overstated remaining assets. The overall asset totals reflected on the website and represented fractionally on investors' statements have been overstated by at least $75 million as of December 31, 2006.  For example, as of December 31, 2006, accounts at broker-dealers which Parish claimed had valuations of $11 million and $18 million

(pertaining to the Stock Pool and the Hedged Income Pool respectively), in fact held securities and cash with a value of less than $100,000. Commodities accounts represented to have a value of approximately $50 million in fact have a value of approximately $130,000 as of March 2007.

## COUNT I—FRAUD

### Violations of Section 17(a)(1) of the Securities Act
### [15 U.S.C. § 77q(a)(1)]

25. Paragraphs 1 through 24 are hereby realleged and are incorporated herein by reference.

26. From at least as early as in or about January 2005 through the present, defendants Parish and Parish Economics, and from August 2005 through the present, defendant Summerville, in the offer and sale of the securities described herein, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly, employed devices, schemes and artifices to defraud purchasers of such securities, all as more particularly described above.

27. Defendants knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud.

28. While engaging in the course of conduct described above, the defendants acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

29. By reason of the foregoing, the defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT II—FRAUD

### Violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act[15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)]

30. Paragraphs 1 through 24 are hereby realleged and are incorporated herein by reference.

31. From at least as early as in or about January 2005 through the present, defendants Parish and Parish Economics, and from August 2005 through the present, defendant Summerville, in the offer and sale of the securities described herein, by use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly:

a. obtained money and property by means of untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

b. engaged in transactions, practices and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities,

all as more particularly described above.

32. By reason of the foregoing, the defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)].

## COUNT III—FRAUD

### Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]

33. Paragraphs 1 through 24 are hereby realleged and are incorporated herein by reference.

34. From at least as early as in or about January 2005 through the present, defendants Parish and Parish Economics, and from August 2005 through the present,

defendant Summerville, in connection with the purchase and sale of securities described herein, by the use of the means and instrumentalities of interstate commerce and by use of the mails, directly and indirectly:

    a.     employed devices, schemes, and artifices to defraud;

    b.     made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and

    c.     engaged in acts, practices, and courses of business which would and did operate as a fraud and deceit upon the purchasers of such securities,

all as more particularly described above.

35.     The defendants knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud, made untrue statements of material facts and omitted to state material facts, and engaged in fraudulent acts, practices and courses of business. In engaging in such conduct, the defendants acted with scienter, that is, with an intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

36. By reason of the foregoing, the defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## COUNT IV—FRAUD

### Violations of Section 206(1) of the Advisers Act
### [15 U.S.C. § 80b-6(1)]

37. Paragraphs 1 through 24 are hereby realleged and are incorporated herein by reference.

38. From at least as early as in or about January 2005 through the present, defendants Parish and Parish Economics, acting as investment advisers, using the mails and the means and instrumentalities of interstate commerce, directly and indirectly, employed devices, schemes and artifices to defraud one or more advisory clients and/or prospective clients.

39. Defendants Parish and Parish Economics knowingly, intentionally, and/or recklessly engaged in the aforementioned devices, schemes and artifices to defraud. In engaging in such conduct, defendants Parish and Parish Economics acted with scienter, that is, with intent to deceive, manipulate or defraud or with a severe reckless disregard for the truth.

40. By reason of the foregoing, defendants Parish and Parish Economics, directly and indirectly, have violated, and unless enjoined, will continue to violate Section 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)].

## COUNT V—FRAUD

### Violations of Section 206(2) of the Advisers Act
### [15 U.S.C. § 80b-6(2)]

41. Paragraphs 1 through 24 are hereby realleged and are incorporated herein by reference.

42. From at least as early as in or about January 2005 through the present, defendants Parish and Parish Economics, acting as investment advisers, by the use of the mails and the means and instrumentalities of interstate commerce, directly and indirectly, engaged in transactions, practices, and courses of business which would and did operate as a fraud and deceit on one or more advisory clients and/or prospective clients.

43. By reason of the foregoing, defendants Parish and Parish Economics, directly and indirectly, have violated and, unless enjoined, will continue to violate and aid and abet violations of Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)].

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Commission respectfully prays for:

**I.**

Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure, finding that the defendants named herein committed the violations alleged herein.

**II.**

A temporary restraining order, preliminary and permanent injunctions enjoining the defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order of injunction, by personal service or otherwise, and each of them, from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. 240.10b-5] promulgated thereunder, and enjoining Parish and Parish Economics from violating Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. 80b-6(1) and 80b-6(2)].

**III.**

An order requiring an accounting by of the use of proceeds of the sales of the securities described in this Complaint and the disgorgement by the defendants of all ill-gotten gains or unjust enrichment with prejudgment interest, to effect the remedial purposes of the federal securities laws and an order appointing a receiver for the defendants.

## IV.

An order pursuant to Section 20(d) of the Securities Act [15 U.S.C. 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. 78u(d)(3)] (as to all defendants) and Section 209(e) of the Advisers Act [15 U.S.C. 80b-9(e)] (as to Parish and Parish Economics) imposing civil penalties against the defendants.

## V.

Such other and further relief as this Court may deem just, equitable, and appropriate in connection with the enforcement of the federal securities laws and for the protection of investors.

Dated this 4th day of April, 2007.

                                              Respectfully submitted,

                                              REGINALD I. LLOYD
                                              UNITED  STATES  ATTORNEY


                                              BY:<u>/S/ John H. Douglas</u>
                                                  JOHN  H.  DOUGLAS (#587)
                                                  Assistant  U.S.  Attorney
                                                  151 Meeting Street, Suite 200
                                                  P.O. Box 978
                                                  Charleston, S.C.   29402
                                                  (843) 727-4381 (voice)
                                                  (8430 727-4443 (fax)
                                                  email:  john.douglas@usdoj.gov

                                              Local Counsel for Plaintiff Securities
                                               And Exchange Commission

WILLIAM P. HICKS
District Trial Counsel
Georgia Bar No. 351649
E-mail: hicksw@sec.gov

JAMES ALEX RUE
Senior Trial Counsel
Georgia Bar No. 618950
Telephone (404) 842-7616
E-mail: ruea@sec.gov

W. SHAWN MURNAHAN
Staff Attorney
Georgia Bar No. 529940
E-mail: MurnahanW@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission
3475 Lenox Road, N.E., Suite 1000
Atlanta, Georgia 30326-123
Telephone:   404-842-7600
Facsimile:    404-842-7679