**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** <br><br> Plaintiff, <br><br> v. <br><br> **ALBERT E. PARISH, JR., PARISH ECONOMICS, LLC, and SUMMERVILLE HARD ASSETS, LLC,** <br><br> Defendants. | CIVIL ACTION NO. <br> 2:07-cv-00919-DCN |

**RECEIVER'S EXPEDITED MOTION TO APPROVE THE PLAN FOR THE DISPOSITON OF LIFE INSURANCE POLICIES AND BRIEF IN SUPPORT THEREOF**

S. Gregory Hays, the Court-appointed Receiver for Albert E. Parish ("Parish"), Parish Economics, LLC ("Parish Economics"), and Summerville Hard Assets, LLC ("Summerville") (collectively the "Receivership Entities" or the "Receiver Estate"), by and through his undersigned counsel of record, files his Expedited Motion to Approve the Disposition of Life Insurance Policies and Brief in Support Thereof (the "Motion") and shows the Court as follows:

**BACKGROUND**

1. In its *Order Granting Preliminary Injunction, Freezing Assets, Appointing a Receiver and Ordering Other Ancillary Relief* entered on April 5, 2007 (the "Receivership Order"), this Court appointed S. Gregory Hays as Receiver for Parish, Parish Economics, and Summerville. Among other things, this Court authorized and directed the Receiver: to take custody and control of assets of the Receiver Estate; to sell assets of the Receiver Estate; and to marshal and administer assets held by third-parties. This authority, along with all other aspects

of the Receivership Order, was continued pursuant to the terms of this Court's *Order Granting Preliminary Injunction, Freezing Assets, Appointing Receiver and Ordering Other Ancillary Relief* entered on or about April 13, 2007 ("the Preliminary Injunction").

2. In accordance with the provisions of the Receivership Order and Preliminary Injunction, the Receiver has taken custody and control of various assets of the Receiver Estate. Among other things, the Receiver has identified and taken control of the following 20 life insurance policies that insure the life of Albert E. Parish:

|    | Policy Date | Insurance Company | Policy Number | Face Amount | Policy Type |
|----|-------------|-------------------|---------------|-------------|-------------|
| 1  | 7/10/2002   | Lincoln Financial | JP-5242891    | $2,000,000  | Universal Life |
| 2  | 3/5/2002    | MetLife Insurance Co., f/k/a Travelers Life & Annuity | 7478444 | $5,000,000 | Universal Life |
| 3  | 3/5/2002    | MetLife Insurance Co., f/k/a Travelers Life & Annuity | 7478445 | $10,000,000 | Universal Life |
| 4  | 5/17/2004   | AXA Equitable Life Insurance Co. | 154208830 | $4,500,000 | Universal Life |
| 5  | 10/19/2004  | C.M. Life Insurance Co./ Mass Mutual Financial Group | 15577604 | $5,000,000 | Universal Life |
| 6  | 6/27/2004   | MONY Life Insurance | 2ULA002026 | $1,000,000 | Universal Life |
| 7  | 10/1/1999   | Transamerica Occidental Life Insurance Co. | 65045115 | $7,000,000 | Universal Life |
| 8  | 10/1/1999   | Transamerica Occidental Life Insurance Co. | 65046017 | $4,000,000 | Universal Life |
| 9  | 2/21/1995   | Genworth Life Insurance Co., f/k/a First Colony | 2,292,533 | $1,000,000 | Gr. Prem. Life |
| 10 | 5/6/1997    | Northwestern Mutual Insurance Co. | 14217138 | $3,000,000 | 20 Yr Level Term |
| 11 | 10/1/1999   | Transamerica Occidental Life Insurance Co. | 41688131 | $4,000,000 | 15 Yr. Level Term |
| 12 | 11/1/1998   | Prudential | B4003685 | $5,000,000 | 20 Yr. Level Term |
| 13 | 6/5/2002    | American General Life Insurance Co. ("AIG") | MH0029309 | $ 5,000,000 | 20 Yr. Level Term |
| 14 | 6/5/2002    | American General Life Insurance Co. ("AIG") | MH0029310 | $5,000,000 | 20 Yr. Level Term |
| 15 | 10/21/2003  | John Hancock | 56 678 360 | $2,500,000 | 20 Yr. Level Term |
| 16 | 8/8/1986    | State Farm Insurance | LF08407843 | $100,000 | Fix Prem/Adj |
| 17 | 8/22/1992   | ING Life Insurance and Annuity Co., f/k/a N.W. National | B2293593 | $250,000 | Gr. Prem. Term |
| 18 | 8/22/1992   | Teachers Insurance and Annuity Association | 582994-0 | $100,000 | ART (WP) |

| 19 | 7/23/1993 | Northwestern Mutual Insurance Co. | VL12618385 | $130,124 | Var. Whole Life |
| 20 | 7/30/2003 | Northwestern Mutual Insurance Co. | 16531932 | $98,134 | Whole Life |

The Receiver has determined that some or all of the premiums for these policies were paid with monies obtained from investors in the various "investment pools" that are the subject of the instant proceeding. Moreover, the larger policies were purchased for the specific purpose of providing additional security for investors. In fact, the Defendants made express representations to investors that these large policies were acquired and maintained for their benefit. Accordingly, the policies should be treated as assets of the Receivership Estate.

4.      According to the express language of the policies, the owner of the smaller policies is (or was) Parish or Parish Economics; and the owners of the larger policies are one of two trusts: either the Parish Charitable Remainder Trust (the "Charitable Remainder Trust") or the Reformed and Consolidated Albert E. Parish, Jr. Special Irrevocable Insurance Trust (the "Reformed and Consolidated Trust"). Both of these trusts were established by Mr. Parish for the sole purpose of holding and administering these policies, and the policies constitute the only assets in the trusts. There is no money in either trust to pay premiums. For a variety of reasons, certain of the original trustees resigned prior to the appointment of the Receiver. Receiver's counsel has had ongoing communication with Robert Pearlman, the attorney who formed the trusts and who serves as a trustee of the Charitable Remainder Trust. Because the trusts, themselves, are not included in the Receiver Estate, the Receiver is serving a copy of this motion on Mr. Pearlman, as well as the former Trustees, Dan Legare and Wayne Cassady. The Receiver does not expect that either Trust will oppose this motion.

5.      The sum of the face value of the foregoing life insurance policies is approximately $65 million. The premiums associated with these policies total approximately

$250,000 per quarter (*i.e.*, $1 million per year).  Given the nature of the policies and the dates of their purchase, there is very little "cash value" in the policies.  Substantial premium payments are due to be paid in the upcoming months.

6. The Receiver Team has devoted substantial effort to exploring the possibility of selling the policies to a "life settlement" investor or other interested purchaser.  With cooperation from Parish's counsel, the Receiver Team obtained medical records from Parish's medical providers for the purpose of performing a "life underwriting."

7. The Receiver has also responded to several of Parish's investors' inquiries for information about the policies.  One of these investors is interested in acquiring two of the policies and continuing the premium payments.  (The Receiver expects to file a motion to approve the specific sale within the next few days following the process proposed below.)

8. As a result of the Receiver's investigation and analysis of the life insurance policies and related circumstances, the Receiver believes that it is in the best interest of the Receiver Estate to surrender, terminate, or abandon these policies if they cannot be sold and assigned fairly quickly.  Given the amount of money that will likely be available for distribution to investors and other creditors, the continuing payment of premiums associated with the policies will significantly deplete funds available to the Receiver Estate.

## RELIEF REQUESTED

9. Although the Order appointing the Receiver specifically authorizes the Receiver to sell or otherwise dispose of assets of the Receiver Estate (see Preliminary Injunction at ¶ VII(l)), the circumstances surrounding the life insurance policies dictate that this matter be addressed to the Court.  Moreover, by filing this Motion, the Receiver has, in effect, provided

notice to investors and other creditors, as well as prospective interested purchasers of the policies, of his intentions.

10.     The Receiver requests that this Court approve and specifically authorize him to implement procedures for selling these policies and to surrender, terminate, or abandon those policies for which a purchaser cannot be located within a reasonable period of time.  The Receiver further seeks the Court's authorization to act as Trustee for the Trusts identified in this Motion with regard to the Life Insurance Policies at issue.  To this end, the Receiver is authorized to sign any document, or do any act necessary to effect the sale transfer or other disposition of the life insurance policies at issue.  The Receiver is also authorized to obtain any information regarding the life insurance policies at issue from any of the insurance companies with relevant information

## SALE OF LIFE INSURANCE POLICIES

11.     The Receiver will list the eight (8) Universal Life polices (policies nos. 1-8 in the chart above) for sale with the Life Exchange through Value Life Corporation ("VLC"), which will auction the policies in accordance with the Life Exchange's standard policies and procedures.  Applications to bid on these policies will be accepted by VLC only from institutional investors with capital resources of no less than $10 million or from individual investors who qualify as high net worth "Accredited Investors," as that term is defined in the U.S. Securities laws.  Any sale through VLC will be made without further court action or intervention.

12.     The Receiver proposes to sell the remaining policies (the "Non-Universal Life Policies," policies nos. 9-20 in the chart above) through the independent insurance agent, Myers & Associates, LLC who was Mr. Parish's agent in the purchase of some of the policies.   In the

event that the Receiver receives a bona fide offer to acquire one or more of the Non-Universal Life Policies, the sale and assignment of those policies will be conducted as follows:

    a.    Any offers to purchase one or more of the Non-Universal Life Policies must be submitted in writing to the Receiver and be accompanied by a deposit in an amount equal to no less than 10% of the offer price.

    b.    Upon receipt of any such offer that he deems to be acceptable, the Receiver will file a motion with the Court for the approval of the sale and assignment. The motion will contain notice of the terms of the offer and, to the extent possible, identify a hearing date or other "deadline." The Receiver's motion will be served upon the parties to this action, all of the insurance carriers that might be affected by any sale of the Non-Universal Life Policy in question, as well as any party who has made an offer to purchase each Non-Universal Life Policy at issue. The Receiver's motion for approval shall include information that the Receiver believes would be useful to the Court and others in assessing the reasonableness of the sales price. The Receiver will also post the motion on his website.

    c.    Contemporaneously with the filing of the motion, the Receiver will publish the motion on the Receiver's website.

    d.    Any objection to the motion and/or any competing offer to purchase one or more of the Non-Universal Life Policies as to which the Receiver has filed a Motion for Approval must be filed and served not less than five (5) days prior to the hearing date or other "deadline" identified in the motion. Individuals or entities desiring to submit competing offers to purchase one or more of the Non-Universal Life Policies as to which the Receiver has filed a motion for approval must do so in writing to the Receiver. Any offer must be for an amount 10% greater than the offer price listed in the motion, accompanied by a deposit in an amount

equal to no less than 10% of the offer price. All competing offers must be received not less than five (5) days prior to the hearing date established in the motion for approval. Any individual or entity submitting a competing offer must attend the hearing. Persons submitting a competing offer or an objection must also attend the hearing.

13. The Receiver requests the Court's approval to surrender, terminate or abandon any of the life insurance policies (Universal Life as well as Non-Universal Life, policies nos. 1-20), in the event that the Receiver determines that they cannot be sold within a reasonable period of time without further court action or intervention. The Receiver anticipates that he will surrender, terminate or abandon all 20 of the life insurance policies by September 30, 2007 at the latest if he does not receive bona fide offers by that time.

14. Insurance professionals who assist in these matters will be compensated in accordance with the Receiver's agreements with them, which compensation is consistent with industry standard.

### **CONCLUSION**

For the reasons set forth herein, the Receiver respectfully requests that this Court issue an order approving the plan for the disposition of the life insurance policies as outlined above.

Respectfully submitted this 17th day of August, 2007.

By:  /s/ David Popowski
David Popowski
Law Office of David Popowski
171 Church St., Ste. 110
Charleston, SC 29401
843-722-8301 (phone)
843-722-8309 (fax)

J. DAVID DANTZLER, JR.
*(admitted pro hac vice)*
Ga. State Bar No. 205125
Merle R. Arnold, III

*(admitted pro hac vice)*
Ga. State Bar No. 023503
Benjamin D. Chastain
*(admitted pro hac vice)*
Ga. State Bar No. 396695

Attorneys for S. Gregory Hays, Receiver

Troutman Sanders LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6799 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>　vs.<br><br>ALBERT E. PARISH, Jr., PARISH ECONOMICS, LLC and SUMMERVILLE HARD ASSETS, LLC<br><br>　　Defendants. | CIVIL ACTION NO. 2:07-919-DCN |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of August, 2007, I electronically filed the ***Receiver's Expedited Motion To Approve The Plan For The Disposition of Life Insurance Policies and Brief in Support Thereof*** with the Clerk of this Court using the CM/ECF system, which will automatically send email notification of such filing to all case parties via email. Additionally, a copy of this Motion will be served by U.S. mail upon all affected insurers, the beneficiaries and other persons of interest who have not appeared in this case.

　　　　　　　　　　　　　　　　TROUTMAN SANDERS LLP


　　　　　　　　　　　　　　　　/s/ Merle R. Arnold III
　　　　　　　　　　　　　　　　MERLE R. ARNOLD III
　　　　　　　　　　　　　　　　Ga. State Bar No. 023503

Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6799 (facsimile)

Parish Motion to Approve life ins sale process (v.2 with edits) (Version 2).doc