UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**ALBERT E. PARISH, JR., PARISH ECONOMICS, LLC, and SUMMERVILLE HARD ASSETS, LLC,**<br><br>          **Defendants.** | **CIVIL ACTION NO.**<br>**2:07-cv-00919-DCN** |

## ORDER GRANTING THE RECEIVER'S EXPEDITED MOTION TO APPROVE PLAN FOR DISPOSITION OF LIFE INSURANCE POLICIES

This matter having come before the Court on the Receiver's Expedited Motion to Approve the Plan For the Disposition of Life Insurance Policies ("the Motion") and the Court having considered the Motion and the Receiver's reasoning and proposed plan for disposition of the policies, the Court finds:

     (1)     that the life insurance policies enumerated in the Receiver's Motion are a part of the Receivership Estate;

     (2)     it is not appropriate pay the life insurance premiums indefinitely; and

     (3)     the Receiver's proposed plan for the disposition of the life insurance policies identified in the Receiver's Motion is reasonable and is consistent with the

rights and powers granted to him in this Court's Order dated April 12, 2007.

Accordingly, IT IS HEREBY ORDERED that the Receiver's Motion is GRANTED, and that the Receiver is authorized to sell, abandon, terminate or otherwise dispose of the life insurance policies, including the subject life insurance policies as follows:

1.      The Receiver is authorized to sell all life insurance policies insuring the life of Albert E. Parish, Jr.

2.      The Receiver is hereby authorized to list the 8 Universal Life polices identified in the Motion for sale through Value Life Corporation ("VLC"), which will auction the policies with the Life Exchange in accordance with the Life Exchange's standard policies and procedures.  Applications to bid on these policies will be accepted by VLC only from Institutional Investors with Capital not less than $10 million or from individual investors who qualify as high net worth "Accredited Investors," as that term is defined in the U.S. Securities laws.  The Receiver is authorized to sell these policies through VLC without further Court approval or action.

3.      The Receiver is, in his discretion, hereby authorized to list the remaining policies (the "Non-Universal Life Policies") for sale through the independent insurance agent, Myers & Associates, LLC.

a. Upon receipt of an offer for the purchase of any Non-Universal Life

Policy or Policies, the Receiver shall have complete discretion to determine if the offer is a bona fide offer.

b. Upon determining that an offer to purchase a Non-Universal Life Policy is a bona fide offer, the Receiver shall contact the Court to identify a date upon which the Court is available to hold a hearing, which shall be no fewer than 15 days from that date.

c. The Receiver shall file a motion for approval of sale of such Non-Universal Life Policy or Policies, which shall contain notice of the terms of the bona fide offer and the date upon which the Court will be available for a hearing regarding the sale of the Non-Universal Life Policy or Policies at issue. The Receiver's motion for approval shall include information that the Receiver believes would be useful to the Court and others in assessing the reasonableness of the sales price.

d. The Receiver shall serve this motion for approval upon the parties to this action, all of the insurance carriers that might be affected by any sale of the Non-Universal Life Policy or Policies in question, as well as any person or entity who has made a bona fide offer to purchase a policy at issue.

e. Contemporaneously with the filing of the motion for approval, the Receiver will publish the motion on the Receiver's website.

  f. Individuals or entities desiring to submit competing offers to purchase one or more of the Non-Universal Life Policies as to which the Receiver has filed a motion for approval must do so in writing to the Receiver. Any offer must be for an amount 10% greater than the offer price listed in the motion, accompanied by a deposit in an amount equal to no less than 10% of the offer price. All competing offers must be received not less than five (5) days prior to the hearing date established in the motion for approval. Any individual or entity submitting a competing offer must attend the hearing.

  g. Individuals or entities desiring to object to the sale of one or more of the Non-Universal Life Policies must to so in writing to the Receiver. All objections must be received not less than five (5) days prior to the hearing date established in the motion for approval. Individuals or entities submitting an objection must attend the hearing.

  h. With respect to any competing offers or objections received by the Receiver, the Receiver shall bring them to the Court's attention at or prior to the hearing and shall submit a recommendation to the Court in light of any competing offers or objections.

4. The Receiver is authorized to conduct such sales of life insurance policies as outlined herein or, in the event any policies cannot be sold within a

reasonable time, the Receiver is authorized to cease making premium payments, surrender, terminate, or abandon the same without further prior approval by this Court.

5.  The Receiver is authorized to act as Trustee for the Trusts identified in the Receiver's Motion with regard to the Life Insurance Policies at issue. To this end, the Receiver is authorized to sign any document, or do any act necessary to effect the sale transfer or other disposition of the life insurance policies at issue. The Receiver is also authorized to obtain any information regarding the life insurance policies at issue from any of the insurance companies with relevant information.

IT IS SO ORDERED this ____ day of _____ 2007.

--------------------------------------------
David C. Norton, Judge
United States District Court
District of South Carolina