# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>vs.<br><br>**ALBERT E. PARISH, JR., PARISH ECONOMICS, LLC, and SUMMERVILLE HARD ASSETS, LLC**<br><br>Defendants. | **CIVIL ACTION NO.**<br>**2:07-cv-00919-DCN** |

## NOTICE OF ABANDONMENT OF CERTAIN LIFE INSURANCE POLICIES

S. Gregory Hays, the Court-appointed Receiver for Albert E. Parish ("Parish"), Parish Economics, LLC ("Parish Economics"), and Summerville Hard Assets, LLC ("Summerville Hard Assets") (collectively the "Receivership Entities" or the "Receiver Estate"), by and through his undersigned counsel of record, files this Notice and shows the Court as follows:

## BACKGROUND

### 1.

In its *Order Granting Preliminary Injunction, Freezing Assets, Appointing a Receiver and Ordering Other Ancillary Relief* entered on April 5, 2007, this Court appointed S. Gregory Hays as Receiver for Parish, Parish Economics, and Summerville Hard Assets. Among other things, this Court authorized and directed the Receiver to take possession, custody and control of assets of the Receiver Estate, manage those assets and sell them in the reasonable exercise of his discretion. This authority, along with all other aspects of the receivership Order, was continued pursuant to the terms of this Court's *Order Granting Preliminary Injunction, Freezing Assets,*

*Appointing Receiver and Ordering Other Ancillary Relief* entered on April 12, 2007

(collectively, the April 5 and April 12 Orders are referred to as the "Receivership Orders"). The

Receivership Orders also authorize the Receiver "to abandon any asset that, in the exercise of his

reasonable business judgment, will not provide benefit or value to the Receiver Estate."

**2.**

Among the assets the Receiver has taken into custody and control include various life

insurance policies insuring the life of Albert E. Parish, Jr. (the "Life Insurance Policies").[1] The

total face value of the Life Insurance Policies originally in the Receiver Estate was

approximately $65 million. The premiums associated with the Life Insurance Policies totaled

approximately $250,000 per quarter (i.e., $1 million per year). These policies were itemized in a

chart on page two of the Receiver's Insurance Policy Motion.

**3.**

Recognizing the significant cost associated with these assets and the fact that there is very

little cash value in them, the Receiver promptly moved this Court for authority to sell the Life

Insurance Policies; the whole life policies on an auction exchange and the remaining policies

through an independent insurance agent. In its *Order Granting the Receiver's Expedited Motion*

*to Approve Plan for Disposition of Life Insurance Policies* entered on August 30, 2007, (the

"Life Insurance Order"), this Court found specifically found that "it is not appropriate [to] pay

the life insurance premiums indefinitely," and authorized the Receiver to sell the Life Insurance

---

[1] As detailed in the Receiver's Expedited Motion to Approve the Plan for Disposition of Life Insurance Policies filed August 17, 2007 (the "Insurance Policy Motion"), the express language of the larger Life Insurance Policies indicates that the owner of the was one of two trusts: the Parish Charitable Remainder Trust (the "Charitable Trust") or the or the Reformed and Consolidated Albert E. Parish, Jr. Special Irrevocable Insurance Trust (the "Reformed and Consolidated Trust"). For a variety of reasons, all but one of the original trustees resigned prior to the appointment of the Receiver. Robert Pearlman, the attorney who formed the trusts, was the only trustee left serving as a trustee of the Charitable Remainder Trust at the time the Receiver filed the Insurance Policy Motion. Subsequently, on December 18, 2008, he resigned. Because the trusts themselves are not included in the Receiver Estate, the Receiver is serving a copy of this Notice on the former trustees.

Policies "or, in the event any policies cannot be sold within a reasonable time, the Receiver is authorized to cease making premium payments, surrender, terminate, or abandon the same without prior approval by this Court."

**4.**

In accordance with the provisions of the Receivership Orders and the Life Insurance Order, and after considerable effort on the part of the Receiver and the professionals working with him, the Receiver has sold and/or cashed-out many of the Life Insurance Policies, netting the Receiver Estate approximately $665,000.00. Despite the Receiver's diligent efforts, however, 12 of the policies remain unsold.

**5.**

The Receiver's investigation, analysis and experience to date in selling the Life Insurance Policies has led him to conclude that the chance of realizing a positive return on the remaining policies is not sufficient to justify continuing to make the premium payments associated with them. The Receiver and the professionals working with him are always mindful of the goal of maximizing the amount of money ultimately available for distribution to investors and other creditors. Given the depressed state of the economy and the lack of interest that has been shown in the remaining policies, the Receiver believes that it is in the best interest of the Receiver Estate to surrender, terminate, and abandon the following policies on or about the time their respective premiums become due:

|   | Policy Date | Insurance Company | Policy Number | Face Amount | Policy Type |
|---|---|---|---|---|---|
| 1 | 6/27/2004 | MONY Life Insurance | 2ULA002026 | $1,000,000 | Universal Life |
| 2 | 10/1/1999 | Transamerica Occidental Life Insurance Co. | 65045115 | $7,000,000 | Universal Life |
| 3 | 10/1/1999 | Transamerica Occidental Life Insurance Co. | 65046017 | $4,000,000 | Universal Life |
| 4 | 2/21/1995 | Genworth Life Insurance Co., f/k/a First Colony | 2,292,533 | $1,000,000 | Gr. Prem. Life |

| 5 | 5/6/1997 | Northwestern Mutual Insurance Co. | 14217138 | $3,000,000 | 20 Yr Level Term |
|---|---|---|---|---|---|
| 6 | 11/1/1998 | Prudential | B4003685 | $5,000,000 | 20 Yr. Level Term |
| 7 | 8/8/1986 | State Farm Insurance | LF08407843 | $100,000 | Fix Prem/Adj |
| 8 | 8/22/1992 | ING Life Insurance and Annuity Co., f/k/a N.W. National | B2293593 | $250,000 | Gr. Prem. Term |
| 9 | 3/5/2002 | MetLife Insurance Co., f/k/a Travelers Life & Annuity | 7478444 | $5,000,000 | Universal Life |
| 10 | 3/5/2002 | MetLife Insurance Co., f/k/a Travelers Life & Annuity | 7478445 | $10,000,000 | Universal Life |
| 11 | 10/1/1999 | Transamerica Occidental Life Insurance Co. | 41688131 | $4,000,000 | 15 Yr. Level Term |
| 12 | 10/21/2003 | John Hancock | 56 678 360 | $2,500,000 | 20 Yr. Level Term |

Abandoning these Life Insurance Policies will allow the Receiver Estate to avoid incurring additional costs associated with the insurance premiums.

**6.**

A primary purpose of equity receiverships is to promote the orderly and efficient administration of the estate by the district court for the benefit of the investors and creditors.  See SEC v. Wencke (Wencke II), 783 F.2d 829, 837 n.9 (9th Cir. 1986).  In light of this purpose, and pursuant to the authority provided in the Receivership Orders and the Life Insurance Order, the Receiver is hereby providing notice of the abandonment of the Life Insurance Policies listed herein and thereby minimizing additional costs incurred by the Receiver Estate.

Respectfully submitted this 13th day of March, 2009.

/s/ David Popowski_____
David Popowski
Federal ID# 3097
171 Church Street, Suite 110
P.O. Box 1064
Charleston, South Carolina 29402
Tel: 843-722-8301
Fax: 843-722-8309
Email: lawdpop@aol.com

TROUTMAN SANDERS LLP

J. DAVID DANTZLER, JR.
*(admitted pro hac vice)*
Ga. State Bar No. 205125
Merle R. Arnold, III
*(admitted pro hac vice)*
Ga. State Bar No. 023503
Benjamin D. Chastain
*(admitted pro hac vice)*
Ga. State Bar No. 396695

Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6799 (facsimile)

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, <br><br> Plaintiff, <br><br> vs. <br><br> **ALBERT E. PARISH, JR., PARISH ECONOMICS, LLC, and SUMMERVILLE HARD ASSETS, LLC** <br><br> Defendants. | **CIVIL ACTION NO. 2:07-cv-00919-DCN** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2009, I electronically filed the foregoing document with the Clerk of this Court using the CM/ECF system, which will automatically send email notification of such filing to all case parties via email.

TROUTMAN SANDERS LLP

/s/ Merle R. Arnold
Merle R. Arnold III