# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ALBERT E. PARISH, JR., PARISH ) ECONOMICS, LLC, and ) SUMMERVILLE HARD ASSETS, LLC, ) ) Defendants. ) | CIVIL ACTION NO. 2:07-cv-00919-DCN |

## NON-PARTY CHARLES SCHWAB & CO., INC.'S MOTION AND INCORPORATED MEMORANDUM OF LAW TO BE JOINED OR TO INTERVENE FOR THE SOLE AND LIMITED PURPOSE OF OBJECTING TO THE RECEIVER'S MOTION TO APPROVE SETTLEMENT AND FOR RELATED INJUNCTIVE RELIEF

Non-Party Charles Schwab & Co., Inc. ("Schwab"), pursuant to Fed. R. Civ. P. 19 and 24, moves to be joined or allowed to intervene (or otherwise allowed to appear as a party) for the sole and limited purpose of objecting to the "Receiver's Motion To Approve Settlement And For Related Injunctive Relief And Brief In Support Thereof" (the "Motion," cited as "Mtn. p __") [Dkt. No. 332]. The "Settlement Agreement And Mutual Release" (the "Settlement Agreement") attached to the Motion as *Exhibit A* is cited as "SA p __" [Dkt. No. 332-1].

The Motion seeks a "bar order" from this Court permanently ending Schwab's third-party claims asserted against Battery Wealth Management Inc. ("Battery Wealth") and Wayne Cassaday in the class action pending before this Court styled *Richard Brown, et al. v. Charles Schwab & Co., Inc.*; Civil Action No. 2:07-CV-03852-DCN.[1] Schwab objects to the Motion and entry of a bar order against it for the following reasons:

(1) The Receiver does not present any authority that would allow this Court to enter a bar order against Schwab's third-party claims;

(2) The are no standards for the "Allocation Determination Procedure" or the "Neutral's" unfettered ability to decide how the "Settlement Funds" will be distributed. The Motion and Settlement Agreement are silent regarding the following key determinations: who has a *right* to make a claim, the *procedure* for making a claim and the ultimate *distribution* of the "Settlement Funds." If the Motion is accepted and bar order entered, Schwab would be forced to give up its third-party claims without any assurances that it or the plaintiffs in the class action

---

[1] Citations to the docket in the *Brown* class action appear as "Brown Dkt. No. __." This Court entered an Order and Opinion, dated December 9, 2009, in the *Brown* action granting Plaintiffs' motion for class certification [Brown Dkt. No. 135]. Schwab, on December 23, 2009, filed a Petition with the Fourth Circuit Court of Appeals, pursuant to Fed. R. Civ. P. 23(f), seeking to appeal the class certification order. Schwab's Petition remains pending. Nothing in this paper is intended to be or shall be construed as contrary to Schwab's positions in opposition to the class certification order.

would have the right to make a claim, let alone receive an equitable pro-rata distribution from the "Settlement Funds" as a setoff against amounts claimed from Schwab in the class action;

(3)     A bar order would cut-off Schwab's ability to seek recovery for claims against Battery Wealth and Cassaday beyond the potential limited source of insurance proceeds (i.e., the "Settlement Funds");[2] and

(4)     Schwab does not appear to be included by the Receiver in the category of "Active Claimant" entitled to be "provided with a reasonable opportunity to participate" in the "Allocation Determination Procedure"; similarly, in this instance, if Schwab is not defined or deemed to be an "Active Claimant," a bar order would not only cut-off Schwab's third-party claims but it would also leave Schwab without any ability to pursue recovery from the "Settlement Funds."

## I.     PROCEDURAL BACKGROUND

Schwab answered Plaintiffs' first amended class action complaint in the *Brown* matter and filed its amended, third-party complaint against Battery Wealth and Cassaday on October 22, 2008, asserting the following six claims: (1) Indemnification; (2) Contribution; (3) Breach of Contract; (4) Breach of Covenant

---

[2] The issue whether any Settlement Funds will be available, in the first instance, is to be determined in the declaratory judgment action before this Court styled *Continental Casualty Co. v. Battery Wealth, Inc. and Wayne Cassaday*; Case No. 2:09-CV-00605-DCN.  See SA p 4.

of Good Faith and Fair Dealing; (5) Constructive Fraud; and (6) Negligence.  See Brown Dkt. No. 87.  These third-party claims remain pending against Battery Wealth and Cassaday in the *Brown* matter.

Despite Schwab's positions, the Motion seeks Court approval of the Settlement Agreement and the entry of a "bar order" enjoining Schwab's continued prosecution of its federal, third-party claims against Battery Wealth and Cassaday in the *Brown* class action.  Mtn. pp 6, 18-20; see also SA pp 3-6.  Notably, the other "Active Claimants" with pending claims (in the state court "Investor Lawsuits") consented to an "Active Claimant Agreement" "approving of the procedure set forth in the Settlement Agreement at issue in this motion."  Mtn. p 14.

## II. LEGAL STANDARD FOR JOINDER/INTERVENTION

The Receiver's unilateral actions have placed Schwab in this procedural posture.  But for the Receiver filing its Motion—seeking to bar Schwab's claims in the *Brown* matter—Schwab would not be moving to be joined or seeking to intervene in this action or otherwise appearing in this case.  Pursuant to Fed. R. Civ. P. 19(a)(1)(B)(i), a person "must be joined" if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" "as a practical matter impair or impede the person's ability to protect the interest."  Furthermore, pursuant to Fed. R. Civ. P. 24(a), "*Intervention of Right*. . . . the court must permit anyone to intervene who . . . (2)

4

claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Alternatively, pursuant to Fed. R. Civ. P. 24(b), "*Permissive Intervention*. . . . the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact."[3]

Schwab seeks to be joined or intervene in this action—or otherwise allowed to appear as a party—to protect its third-party claims asserted against Battery Wealth and Wayne Cassaday from the "bar order" sought by the Receiver that would enjoin such claims.

## III. SCHWAB'S OBJECTIONS TO THE MOTION

### A. The Receiver Presents No Authority That Would Allow Schwab's Claims To Be Barred

The Motion does not contain or cite to any authority that would allow this Court to bar Schwab's federal claims against Battery Wealth and Cassaday. As an

---

[3] Federal courts have allowed parties to intervene into pending SEC actions to interpose objections or claims that might not adequately be protected otherwise. See e.g., *SEC v. Navin*, 166 F.R.D. 435 (N.D. Cal., 1995) (granting an investor's motion to intervene upon a showing that the SEC and its appointed receiver of a corporation were advocating a liquidation and distribution plan which might deny defrauded investors the ability to recover the money they lost as a result of the defendants' fraudulent scheme); *SEC v. Flight Transp. Corp.*, 699 F.2d. 943, 947-48 (8th Cir. 1983) (holding that a creditor was entitled to intervene in an SEC action because virtually all of debtor's assets were held in the hands of an appointed receiver who might not adequately represent the creditor's interest).

initial matter, the Motion does not appear to be focused on the ability of the Court to bar Schwab's federal claims. Other than acknowledging that Schwab is the only party with pending claims against Battery Wealth and Cassaday (Mtn. p 15) there is no specific discussion of the impact of a bar order against Schwab—or authority for such an action. The Receiver's focus on the Court's "broad equitable power" (Mtn. pp 20-23), for example, does not specifically address the Court's authority to enter a bar order against Schwab's third-party claims.

The Receiver's argument that the All-Writs Act (28 U.S.C. § 1651) "authorizes" the bar order is misplaced as it relates to Schwab's claims.[4] The cases relied upon by the Receiver focus on state court claims (presumably to address the "Active Claimants'" state court cases). The All-Writs Act is not designed to allow pending federal court claims in a separate action to be enjoined or barred over objection.

---

[4] See, for example, the following cases cited at the top of page 24 in the Motion where, in every cited instance where an injunction issued, the court either enjoined only state litigation or first consolidated federal litigation into one forum: *In re: Inter-Op Hip Prosthesis Prod. Liab. Litig.,* 174 F. Supp. 2d 648, 650-51 (N.D. OH 2001) (related state and federal cases enjoined only after "virtually all of the federal cases" were transferred into the jurisdiction of the court); *In re Consol. Welfare Fund, "ERISA" Litig.*, 798 F. Supp. 125, 128 (S.D.N.Y. 1992) (state and federal cases stayed after the "transfer [of] all federal cases" to the Court without objection); *In re Baldwin-United Corp.*, 770 F.2d 328, 342 (2d Cir. 1985) (affirming district court's injunction barring states from bringing action); *In re Asbestos Sch. Litig.*, 1991 U.S. Dist. LEXIS 5142, *12 (D. Pa. 1991) (enjoining school district from bringing individual or derivative asbestos claims in any other forum).

6

The All-Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The statute "provides the positive authority for federal courts to issue injunctions of *state court* proceedings . . .," *In re Inter-Op Hip Prosthesis Prod. Liab. Litig.*, 174 F.Supp.2d 648, 652 (N.D. OH 2001) (emphasis added), that may "be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *In re Am. Honda Motor Co., Inc., Dealerships Relations Litig.*, 315 F.3d 417, 437 (4th Cir. 2003) (citing *Penn. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 40 (1985)). Schwab's third-party claims are within this Court's jurisdiction and issuing a "bar order" is unnecessary to protect this Court's jurisdiction.

**B.** **There Are No Fundamental Parameters Or Assurances Regarding How The "Settlement Funds" Will Be Distributed**

Under the Motion, the right to make a claim against insurance proceeds (i.e., the "Settlement Funds") and a procedure for the allocation of such funds (defined as the "Allocation Determination Procedure"), a procedure to which Schwab has not agreed, are to be established by an independent arbiter appointed by the Court (defined as the "Neutral") and "shall be binding on all claimants asserting claims against the Settling Parties," including Battery Wealth and Cassaday and their professional liability insurer (Continental Casualty Company). Mtn. p 5, see also SA p 7. "The Neutral shall be authorized to decide how the Settlement Funds, if

7

any, shall be paid to those entitled to make a claim against such funds." SA p 7. The "Allocation Determination Procedure" "will be binding and not subject to appeal." SA p 7. No other explanation or requirements regarding the "Allocation Determination Procedure" or the "Neutral's" discretion or authorization are provided or included.

What is missing from the Motion and Settlement Agreement is any proposal regarding the ultimate determinations and treatment of those who have a *right* to make a claim, the *procedure* for making a claim and the decisions regarding *distribution* of the Settlement Funds. Of particular importance to Schwab, there is nothing to ensure an equitable pro-rata allocation of "Settlement Funds" to any individual who proves a claim—where that individual also participates in the *Brown* class action. For example, the "Neutral" could decide to apportion or weigh claims in favor of those individuals making claims against the "Settlement Funds" who are not participating or cannot participate in the class action.

The individuals participating in the class action could receive nothing even if they prove a claim against the "Settlement Funds." And this assumes the Neutral first grants them the right to make a claim. This would improperly and unfairly limit the source and diminish the amount of funds that Schwab could use as a setoff against amounts claimed by the same individuals in the class action (assuming *arguendo* that Schwab is liable for any amounts claimed in the class action).

Schwab's third-party claims against Battery Wealth and Cassaday in the *Brown* action include claims for indemnification and contribution.

The position that "[a]ll interested investors will be provided with a reasonable opportunity to participate in the Allocation Determination Procedure" does not add any more certainty to what is already missing and highlights the potential for a party's "participation" to be rendered meaningless. Mtn. p 5; see also SA p 7. An "opportunity to participate," for example, does not necessarily end with the Neutral's determination that a party has a "right" to assert a claim. The Motion and Settlement Agreement are critically and materially deficient due to the lack of fundamental parameters providing for the fair and equal handling of claims and distribution of "Settlement Funds."

### C. Schwab's Recovery Is Improperly Restricted

The Motion and Settlement Agreement limit recovery against Battery Wealth and Cassaday to insurance proceeds (i.e., the defined "Settlement Funds"). No showing is made that either Battery Wealth or Cassaday have no other sources of funds or assets from which a judgment could be satisfied. If it is determined that there is no insurance coverage, for example, Schwab's third-party claims would still be barred and Schwab would not be able to pursue any other sources of funds to satisfy its claims. Similarly, Schwab could have its rights improperly and unreasonably impinged upon if it is determined by the "Neutral" (and as further

9

discussed below) that Schwab either cannot assert a claim or is denied recovery from the Settlement Funds—and that no other available funds can be pursued.

> **D. Whether Schwab Is An "Active Claimant" Or Will Be Precluded From Participating In The "Allocation Determination Procedure" Cannot Be Determined**

The Settlement Agreement provides that "[a]ll interested investors, which shall include 'Active Claimants' and other BWM clients who invested with Parish, will be provided with a reasonable opportunity to participate in the Allocation Determination Procedure." SA p 7. In the final "WHERAS" paragraph starting on page 3 of the Settlement Agreement, Schwab is included in the group invited to or who participated in a mediation attempt to resolve claims, yet the Settlement Agreement provides: "(these individuals, as well as the claimants in the Investor Lawsuits, shall collectively be referred to as the 'Active Claimants')." SA p 4. Thus, because it is not an "investor," and not an "individual," Schwab's inclusion in the group of "Active Claimants" with the ability to "participate" in the "Allocation Determination Procedure" seems precluded.

The Motion also discusses Schwab's claims in the *Brown* matter separately at pages 14-15 and the fact that Schwab is not a party to a separately executed "Active Claimant Agreement." Schwab has not seen the final "Active Claimant Agreement." Separate and apart from the scope and presentation of the defined terms, it appears that Schwab's non-inclusion in the "Active Claimant Agreement"

will be argued to preclude Schwab from participating in the "Allocation Determination Procedure."

## IV. CONCLUSION

For the foregoing reasons, Schwab respectfully requests that it be joined or allowed to intervene (or otherwise allowed to appear as a party) for the sole and limited purpose of objecting to the Motion and that the Court deny the Receiver's request for a bar order against Schwab.

Respectfully submitted, this 13th day of January, 2010.

        **s/ Molly H. Craig**

HOOD LAW FIRM, LLC
Robert H. Hood (#1939)
Molly H. Craig (#6671)
172 Meeting Street
Charleston, SC 29402
(843) 577-4435 (telephone)
(843) 722-1630 (facsimile)
Molly.Craig@hoodlaw.com

SCHIFF HARDIN LLP
Michael K. Wolensky
(admitted *pro hac vice* 2:07-cv-03852-DCN)
Ethan H. Cohen
(admitted *pro hac vice* 2:07-cv-03852-DCN)
One Atlantic Center, Suite 2300
1201 West Peachtree Street
Atlanta, GA 30309
(404) 437-7000 (telephone)
(404) 437-7100 (facsimile)

Counsel for Non-Party
Charles Schwab & Co., Inc.