IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Securities and Exchange Commission, | ) | |
| | ) | C/A No. 2:07-CV-00919-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Albert E. Parish, Jr.; Parish Economics, | ) | |
| LLC; and Summerville Hard Assets, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

This matter is before the court on non-party/intervener Charles Schwab & Co., Inc.'s motion for reconsideration of the court's February 10, 2010 order approving the receiver's settlement agreement with Battery Wealth Management, Wayne Cassaday, and Continental Casualty Company. Specifically, Schwab requests that the court delete the final sentence from numbered paragraph twenty-one on page eight of the order, which reads, "As admitted by Schwab's counsel during the hearing on this motion, Schwab will only be able to assert such a claim if it is found liable to the plaintiffs in the Brown action." According to Schwab, this sentence improperly conditions its ability to make a claim on its being found liable in the Brown action, when Schwab may have a claim independent of the outcome of the Brown action. Counsel for the receiver and counsel for Battery Wealth Management and Wayne Cassaday have consented to this change, and no other party to this litigation has objected to it. Schwab's motion is **GRANTED**. The court's February 10, 2010 order approving the receiver's settlement agreement with Battery Wealth Management, Wayne Cassaday, and Continental Casualty Company is

1

hereby amended to delete the final sentence from numbered paragraph twenty-one on page eight of the order.

    **AND IT IS SO ORDERED**.

                                                        **DAVID C. NORTON**
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

**April 8, 2010**
**Charleston, South Carolina**